# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,            )
                             )
    Plaintiff,               )
                             )
v.                           )    Cr. ID. No.  0408012099
                             )
                             )
SYLVESTER MILLER,            )
                             )
    Defendant.               )

Submitted: January 24, 2018
Decided: April 24, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S FOURTH MOTION FOR POSTCONVICTION RELIEF

Sylvester Miller, *pro se.*

**MANNING**, Commissioner:

This 24th day of April 2018, upon consideration of petitioner Sylvester Miller's motion for postconviction relief (hereinafter "Motion"), I find and recommend the following:

## Facts and Procedural History

Following a jury trial before the Honorable Judge William C. Carpenter, Jr., Miller was convicted of six counts of Rape First Degree and one count of Continuous Sexual Abuse of a Child. On June 14, 2005, Miller was sentenced to, in total, 92 years of unsuspended time at Level Five. In his Motion, Miller indicated that he did not appeal his conviction to the Delaware Supreme Court. However, I discovered that Miller did, in fact, appeal his conviction and that it was affirmed on March 9, 2006.[1]

The facts concerning Miller's case were recited in detail in the Supreme Court Opinion so I will not repeat them here; nor are they relevant. What is important for purposes of this report is that Miller was indicted on eight counts of Rape First Degree pursuant to 11 *Del. C.* 773(a), subsection six (6)— position of trust or authority—as that crime existed in 2004.[2]

Since the time of his conviction, Miller has filed three motions for postconviction relief and one for correction of illegal sentence—all of which were

---

[1] *Miller v. State,* No. 312, 2005 (Del. March 9, 2006).

[2] Two counts were dismissed by the Court prior to submission to the jury.

denied by Judge Carpenter. In his now fourth Motion, Miller makes the following argument, quoted verbatim, for postconviction relief:

> Ground One: From the inception the Court lacked jurisdiction to try or convict defendant. Sentence was imposed on defendant in an unconstitutional manner which violated both 5th and 14th Amendments constitutional rights under the law.

## Analysis

Miller's Motion is controlled by Superior Court Criminal Rule 61. Before addressing the merits of a motion for postconviction relief, a reviewing court must first apply the procedural bars of Rule 61.[3]

Rule 61(i)(1) requires a motion for postconviction to be filed not more than one year from the date the judgment of conviction becomes final. In this case, Miller's Motion is untimely as it was not filed within one year of the date his conviction was affirmed by the Delaware Supreme Court—i.e. March 6, 2006.

Rule 61(i)(2) prohibits second or subsequent postconviction motions unless the motion satisfies subparagraphs (2)(i) or (2)(ii) of subdivision (d) of the Rule (i.e. the motion pleads with particularity that new evidence exists or that a new rule of constitutional law made retroactive applies to movant's case). The instant Motion

---

[3] *Younger v. State*, 580 552, 553 (Del. 1990) (holding that the court will apply the rules governing procedural default before giving consideration to the merits of the underlying Rule 61 claims).

is Miller's fourth motion for postconviction relief and neither of the exceptions under this subdivision has been alleged by Miller.

What Miller does argue, however, is that his Motion is not procedurally barred from consideration on the merits under Rule 61(i)(5) because, the Court "lacked jurisdiction" to try his case in the first place.[4] Miller's argument, as best I can discern from his Motion, is that he was arrested, tried, and convicted for a crime that did not exist, or was at least not properly charged in the indictment.

Miller states in his Motion that "[f]ailure to allege the essential elements of the [crime] (inflicts serious physical mental or emotion[al] injury upon the victim), makes the indictment fatally defective."[5] Miller also adds that "[i]n addition[,] an indictment that omits an essential element is structurally deficient and provides no lawful basis for bringing anyone to trial." In support of his argument Miller attached to his Motion a printout of section 773, Rape in the First Degree, with the portions of subsection one (1) underlined that allow for prosecution due to "physical injury or serious mental or emotional injury to the victim; or...." I am not clear where this document was copied from, but the watermark on it states "Main Law Library."

---

[4] Rule 61(i)(5) Bars inapplicable. The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfied the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[5] Emphases in original.

3

Although Miller's legal assertions are correct in the abstract, they are nonetheless inapplicable to his case. Miller appears to be operating under the assumption that he was indicted and prosecuted under 773(a)(1)—i.e. that he caused his victim serious physical, mental or emotional injury. If that was true, Miller would have a point, however, it is not. Miller was actually prosecuted under 773(a)(6)—position of trust or authority. In 2004, 773(a)(6) provided that a person was guilty of Rape First Degree if "[t]he victim has not yet reached his or her sixteenth birthday and the defendant stands in a position of trust, authority or supervision over the child." Miller's indictment alleges and tracks this exact statutory language—not that of 773(a)(1).

Miller's confusion is somewhat understandable but easily explained. Subsection (6) was repealed on June 30, 2010, and incorporated into a new statute, 11 *Del. C.* 778.[6] Thus, rather than continuing as a separate subsection under 773, if a rape was committed by a person in a position of trust or authority it would be prosecuted under the new law. The document submitted by Miller with his Motion

---

[6] 11 *Del C.* § 778 Sexual abuse of a child by a person in a position of trust, authority or supervision in the first degree; penalties.
A person is guilty of sexual abuse of a child by a person in a position of trust, authority or supervision in the first degree when the person:
(1) Intentionally engages in sexual intercourse with a child who has not yet reached that child's own sixteenth birthday and the person stands in a position of trust, authority or supervision over the child, or is an invitee or designee of a person who stands in a position of trust, authority or supervision over the child.

4

is clearly of the current law, it reads that 773(a)(6) was "[Repealed]." Additionally, it is important to note that as explained in the Revisor's note, the subsequent repeal in 2010 of 773(a)(6) has no effect on Miller's conviction and it remains valid for all purposes.[7]

Therefore, Miller's argument that the Court was without jurisdiction to adjudicate his charges is without merit.

### Conclusion

For the foregoing reasons, Miller's Motion should be Denied.

**IT IS SO RECOMMENDED.**

Bradley V. Manning,
Commissioner

OC:   Prothonotary
cc:    Petitioner via first class mail

---

[7] *See* 71 Del. Laws, Chapter 285, Section 28: The repeal or amendment of any statute by this Act shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability incurred under such statute, and such statute shall be treated as remaining in full force and effect for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability. Any action, case, prosecution, trial or other legal proceeding in progress under or pursuant to any statute repealed or amended by this Act shall be preserved and shall not become illegal or terminated, irrespective of the stage of such proceeding. For the purpose of such proceedings, the prior law shall remain in full force and effect.

5